Bruce Garcia
10 Sycamore Lane
Westport, Massachusetts [02790]



FILED
IN CLERKS OFFICE

2020 FEB -7 PM 4: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bruce Garcia<br>    Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE DBA MR. COOPER<br><br>    Defendant | Case No.: tbd<br><br>PETITION FOR NON-STATUTORY WRIT OF HABEAS CORPUS TO REMEDY RESTRAINT OF LIBERTY CAUSED BY A JUDGMENT NOT BY PEERS MADE IN VIOLATION OF DUE COURSE OF LAW OF THE LAND JUDICIARY ACT OF 1789, HABEAS CORPUS ACT 1863, HABEAS CORPUS ACT 1867, TAKE JUDICIAL NOTICE OF EVIDENCE OF AN ADJUDICATED FACT MURRAY'S LESSEE V. HOBOKEN LAND & IMPROVEMENT CO., 59 US 272 - SUPREME COURT 1856 RELIEF FROM JUDGMENT FEDERAL RULE 60(B)(3) OR STATE STATUTE EQUIVALENT |

**PETITION FOR NON-STATUTORY WRIT OF HABEAS CORPUS**

**TO REMEDY RESTRAINT OF LIBERTY CAUSED BY A JUDGMENT NOT BY PEERS MADE IN VIOLATION OF DUE COURSE OF LAW OF THE LAND**

**JUDICIARY ACT OF 1789, HABEAS CORPUS ACT 1863, HABEAS CORPUS ACT 1867,**

**TAKE JUDICIAL NOTICE OF EVIDENCE OF AN ADJUDICATED FACT MURRAY'S LESSEE V. HOBOKEN LAND & IMPROVEMENT CO., 59 US 272 - SUPREME COURT 1856**

**RELIEF FROM JUDGMENT FEDERAL RULE 60(B)(3) OR STATE STATUTE EQUIVALENT**

Comes Now, the Petitioner Bruce Garcia is a man and a citizen of this state presenting a petition invoking[1] right to habeas corpus secured by Bill of Rights, Massachusetts Constitution of 1780, PT. 1, Article XII against the restraint of liberty caused by a judgment not by peers.

Take judicial notice of an adjudicated fact by the Supreme Court

---

[1] **Invoke** to appeal to or cite as authority, to petition for help or support

Meyer v. Nebraska, 262 US 390 - Supreme Court 1923[2] that writ of habeas corpus may be invoked if the petitioner is free from bodily restraint and thereby the court is prohibited from dismissing this petition on the grounds the petitioner is not a prisoner or jailed.

The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual and thereby this court must take judicial notice of a constitutional law the state legislature cannot enact laws to deprive this writ of right.

This court cannot deprive this writ of habeas corpus without clarification of when it is acceptable for a court to deny due course of law of the land and issue a judgment, not by peers.

The petitioner never knowingly expressed consent to waive his unalienable rights and thereby it is the duty of the court to remedy any violation of state or federal rights, which the evidence before this court is a judgment, not by peers made in violation of due process of law.

---

[2] *"While this Court has not attempted to define with exactness the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men."* **Meyer v. Nebraska, 262 US 390 - Supreme Court 1923**

# JURISDICTION EXISTS FOR THIS COURT TO GRANT A WRIT OF HABEAS CORPUS UNDER ARTICLE I, SECTION 9, Clause 2, THE CONSTITUTION FOR THE UNITED STATES OF AMERICA {1787-1791} JUDICIARY ACT OF 1789, HABEAS CORPUS ACT 1863, HABEAS CORPUS ACT 1867

1. The Petitioner is a Man and a citizen of this state invoking his right to due course of the law of the land under Bill of Rights, Massachusetts Constitution of 1780, PT. 1, Article XII be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.[3]

2. It is an adjudicated fact Harris v. Nelson, 394 US 286 - Supreme Court 1969[4]

---

[3] *"The words, "due process of law," were undoubtedly intended to convey the same meaning as the words, "by the law of the land," in Magna Charta. Lord Coke, in his commentary on those words, (2 Inst. 50,) says they mean due process of law. The constitutions which had been adopted by the several States before the formation of the federal constitution, following the language of the great charter more closely, generally contained the words, "but by the judgment of his peers, or the law of the land.""* **Murray's Lessee v. Hoboken Land & Improvement Co., 59 US 272 - Supreme Court 1856**

[4] "The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action. Its pre-eminent role is recognized by the admonition in the Constitution that: "The Privilege of the Writ of Habeas Corpus shall not be suspended . . . ." U. S. Const., Art. I, § 9, cl. 2. The scope and flexibility of the writ—its capacity to reach all manner of illegal detention—its ability to cut through barriers of form and procedural mazes—have always been emphasized and jealously guarded by courts and lawmakers. The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected. As Blackstone phrased it, habeas corpus is "the great and efficacious writ, in all manner of illegal confinement."[2] As this Court said in Fay v. Noia, 372 U. S. 391, 401-402 (1963), the office of the writ is "to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints." See Peyton v. Rowe, 391 U. S. 54, 65-67 (1968)." **Harris v. Nelson, 394 US 286 - Supreme Court 1969**

the writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action, and thereby any judgment not by peers for child support is a lawless action in violation of due course of law of the land

3. It is a fact, the evidence marked as exhibit # 1 is proof the petitioner has been deprived of his liberty and property by a judgment not by peers made in violation of due course of the law of the land and thereby this court is required by duty to issue a writ of habeas corpus to void the evidence, a judgment not by peers claimed child support order.

4. It is an adjudicated fact State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights.[5]

5. The petitioner is a Man and a citizen of the state and thereby has the right under the Massachusetts Constitution to file a writ of habeas corpus and is not required to file an appeal or order to show cause because a writ of habeas corpus takes precedence over the *procedural orderliness and conformity.*[6]

---

[5] *"State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights."* Gross v.State of Illinois, 312 F 2d 257; (1963).

[6] "While cases may arise where the right to invoke habeas corpus may take precedence over "procedural orderliness and conformity"" People v. Schildhaus, 8 N Y 2d 33, 36

**6. The court is invited to notice that the Supreme Court of Rhode Island ruled that non-judicial foreclosures are unconstitutional in Sisti v. Fed. Hous. Fin. Agency, C.A. No. 17-005-JJM-LDA C.A. No. 17-042-JJM-LDA, August 2, 2018.**

**RELIEF REQUIRES ACKNOWLEDGMENT OF RIGHT TO FILE WRIT OF HABEAS CORPUS UNDER UNITED STATES OF AMERICA ARTICLE 1 SECTION 9 CLAUSE 2 AND STATE CONSTITUTION**

The facts will prove the judgment not by peers is a violation of due process unless there is evidence of a waiver of trial by jury and thereby a state judge is required by precedence to respect and protect people from violations of state and federal constitutional rights and this includes voiding a support order made in violation of due process under federal rule 60(b)(3) or under the statute equivalent.

**IT IS AN ADJUDICATED FACT** *Lonchar v. Thomas, 517 U. S. 314, 324 (1996)*[7] **DENIAL OF THIS WRIT OF HABEAS CORPUS IS A SERIOUS**

---

[7] ["d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas, 517 U. S. 314, 324 (1996); see also Slack v. McDaniel, 529 U. S. 473, 483*

## MATTER AND THEREBY THE COURT MUST FULLY CLARIFY ITS REASON(S) FOR SUSPENDING WRIT OF HABEAS CORPUS

1. Has due course of law of the land been suspended?

2. Is the United States of America under marshal law or under invasion by a foreign invader?

3. Is the Constitution, the law of the land inside the territorial boundaries of ?

4. Can the court provide evidence showing the Petitioner knowingly expressed consent to waive rights?

Dated this 7th day of February, 2020/

_____
Bruce Garcia