UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, d/b/a<br>MR. COOPER,<br><br>    Defendant. | Civil No. 20-10246-IT |

ORDER

February 10, 2020

SOROKIN, J.

On Friday February 7, 2020, Bruce Garcia filed, pro se, a petition for a writ of habeas corpus, including as an attachment a letter notifying him of a foreclosure of his home to occur on February 12, 2020.  Doc. 1-1.  This case was assigned randomly to Judge Talwani.  Because Judge Talwani is away, insofar as the petition seeks immediate relief, it has been referred to the undersigned as the emergency judge.

Construing Plaintiff's petition liberally in light of his pro se status, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (describing the "less stringent standards" that pro se filings enjoy), and addressing only that aspect of the filing arguably giving rise to a request for immediate relief, the Court construes Garcia's Complaint as seeking an emergency temporary restraining order preventing the foreclosure of his home.  The Court so construes the filing because Garcia attached to his petition a letter notifying him that Defendant Nationstar Mortgage, as servicer for

U.S. Bank National Association, intends to foreclose on his home on February 12, 2020.  Doc. 1-1.

Putting to the side whether Garcia is entitled to ex parte relief—that is, a Court order without providing the bank with an opportunity to oppose—he has nonetheless failed to establish his entitlement to temporary injunctive relief.  In order to obtain such relief, Garcia must establish a likelihood of success on the merits of his claim.  See Jean v. Mass. State Police, 492 F.3d 24, 26–27 (1st Cir. 2007).  His filings contain no factual allegations relating to his mortgage loan, the conduct of Nationstar Mortgage or U.S. Bank National Association, or indeed anything that might identify or suggest the contours of a claim for relief.  See Adams v. Wells Fargo Bank, N.A., 221 F. Supp. 3d 171, 178 (D. Mass. 2016) (holding that where "Plaintiffs have failed to establish a likelihood of success on the merits as to those claims which could arguably undermine the validity of the foreclosure proceeding," such a failure "essentially ends the [Court's] inquiry").

Garcia's Complaint does cite Sisti v. Fed. Hous. Fin. Agency, 324 F. Supp. 3d 273 (D.R.I. 2018), for the proposition that non-judicial foreclosures are unconstitutional.  Doc. No. 1 at 6.  Sisti, however, sought a ruling that the Federal Housing Finance Agency and two government-sponsored enterprises, Fannie Mae and Freddie Mac, were government actors that had violated that the plaintiffs' due process rights.  Sisti, 324 F. Supp. 3d at 275.  Garcia, on the other hand, includes no factual allegations that any government action led to the impending foreclosure of his home.  In any event, Massachusetts courts have consistently held that non-judicial foreclosures are constitutional.  See, e.g., U.S. Bank Nat. Ass'n v. Ibanez, 941 N.E.2d 40, 49 (Mass. 2011) ("Massachusetts does not require a mortgage holder to obtain judicial authorization to foreclose on a mortgaged property."); Rice v. Wells Fargo Bank, N.A., 2 F.

Supp. 3d 25, 33 (D. Mass. 2014) ("Massachusetts is a non-judicial foreclosure state and a mortgage holder need not obtain judicial authorization to foreclose on mortgaged property.").

Accordingly, insofar as the petition can be construed as requesting that the Court enjoin or stay the foreclosure scheduled for February 12, 2020, that request is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge